## SMITH *v.* McCALL.

### *Trespass.    Accord and Satisfaction.*

Defendant had taken plaintiff's property on an execution against another, and in trespass for the property, defendant's evidence tended to show that plaintiff agreed that if defendant would return the property to the place from which he took it, that should settle plaintiff's claim for damages; that defendant began to return the property accordingly, but before it was fully returned, plaintiff told him he should claim damages for the taking, but to put the property where he found it, which he did, and plaintiff used it. *Held,* that it was competent for plaintiff to repudiate the agreement as the testimony tended to show, and that if defendant understood that plaintiff declined to receive the property in full, but insisted upon his damages also, and with this knowledge chose to return it and discharge his liability thus far, such return would not have the effect to discharge plaintiff's claim for damages.

TRESPASS *de bonis.* Plea, the general issue, with notice of release. Trial by jury, June Term, 1874, WHEELER, J., presiding.

It appeared that plaintiff owned the property in question, consisting of a horse and wagon. In the spring of 1871, defendant, a deputy sheriff, levied on the same as the property of one Arch Smith, plaintiff's brother, and took it from the plaintiff's barn, on an execution in favor of one Coon.

The evidence on the part of defendant tended to show, that a few days before said property was to be sold, one Beebe was au-

thorized by Coon and the defendant to act for them about their claim to hold the property, and to settle with plaintiff for the taking and detention thereof, on such terms as he should think proper ; that on the day previous to the day of sale, plaintiff, defendant, and Beebe, were together, and talked about a settlement, and that in reply to several propositions made by Beebe, plaintiff said, " The only thing that will settle it is, to return the property where you found it;" that during the afternoon of the same day, Beebe met plaintiff again, and it was at that time agreed between them, that the property should be returned to the place where defendant found it, before the day of sale, and that such return should settle for the taking and detention thereof ; that said property was returned before the day of sale, in pursuance of said agreement, and that at the time the same was returned, and before it was put into the barn, plaintiff directed defendant to put it into the barn where he found it, at the same time saying, " I shall claim damages of some one," and that the plaintiff kept and used the property. It did not appear that defendant made any reply, but that he returned the property where he found it, and plaintiff afterwards used it.

Plaintiff's evidence tended to show, .that there was no agreement that a return of the property should settle his claim for damages, and that he told defendant at the time the same was returned, that he should claim damage.

Defendant requested the court to charge the jury, that if they found that plaintiff, in consideration that defendant would relinquish his claim to hold the property, and return it where he found it before the day of sale, agreed that such return should settle for the taking and detention thereof, and that defendant, in pursuance of such agreement, did return the property, and when it was returned, plaintiff directed defendant to put the same into the barn where he found it, and defendant did so, such return would operate as a full defence to the action, although immediately after such direction, and before the property was actually put into the barn, plaintiff said he should claim damage of defendant.

The court declined to charge as requested, but among other things, charged in substance, that the mere taking of the property

back, without an agreement that it should settle the damages, would not be a settlement, but would stop further damages; that, if plaintiff agreed that the giving up and taking back of the property should satisfy his claim for damages, and the property was taken back on that agreement, without any objection by plaintiff to taking it back in settlement, defendant was entitled to recover; but that if plaintiff did agree to take it back in settlement, he would have a right to change his mind, and if he did change his mind before it was put back, and fairly gave defendant to understand that if he took the property back it would not be in settlement, defendant would then have the right to leave the property, to stop further damages; and if he did leave it, understanding that plaintiff refused to take it back in settlement, plaintiff would be entitled to recover. To the refusal to charge as requested, and to the charge as to the right of the plaintiff to refuse to take the property back in settlement, defendant excepted.

*Miner & Beebe*, for defendant.

The agreement to accept the property in settlement, was founded on good consideration, and the return of the property and subsequent use thereof, operated as a satisfaction. Defendant, in pursuance of the agreement, tendered the property to plaintiff. Such a tender has frequently been held equivalent to satisfaction. *Coit* v. *Houston*, 3 Johns. Cas. 249; *Case* v. *Barber*, T. Raym. 450; 1 Com. Dig. Accord, B. 4; *Cartwright* v. *Cook*, 3 B. & Ad. 701; *Good* v. *Chessman*, 2 B. & Ad. 328; *Bradley* v. *Gregory*, 2 Camp. 383; *Evans* v. *Powis*, 11 Jur. 1043. And the weight of authority is in favor of this doctrine. 2 Greenl. 32.

The case seems analogous to the following cases, which decide the familiar principle, that a tender of money with conditions attached, is not a valid tender, but an acceptance of it amounts to an accord and satisfaction. *McGlyn* v. *Billings*, 16 Vt. 329; *Cole* v. *Champlain Trans. Co.* 26 Vt. 91. And that, too, when the creditor expressly claims that the money is not accepted in full. *Towslee* v. *Healy*, 39 Vt. 522.

The agreement made by the parties was so far acted upon, that plaintiff was estopped from claiming damages and refusing to

accept the property. 1 Greenl. 289; *Downer* v. *Flint*, 28 Vt. 530; *Spaulding* v. *Stewart*, 38 Vt.

*J. K. Batchelder* and *Potter*, for plaintiff.

At the time the agreement was claimed to have been made, plaintiff had a complete right of action against defendant. By the agreement, if made, there was an accord but no satisfaction. It was the performance, not the promise, that was to be in satisfaction of plaintiff's claim for damages. The accord, then, was unexecuted, and so long as it remained unexecuted, there was no satisfaction, and plaintiff was not bound by it. 1 Smith Lead. Cas. 324–6; Chit. Cont. 837, 838, note g, 839; *Day* v. *Roth et al.* 18 N. Y. 448; *Drake* v. *Mitchell*, 3 East, 251. The case shows there was no consideration for plaintiff's agreement. Chit. Cont. 841.

Plaintiff had a right to repudiate the agreement before it was executed; he could do so at any time before. *Day* v. *Roth, supra*. After plaintiff informed defendant that he claimed damages and repudiated the agreement, the parties stood in the same relation to each other as though no agreement had been made, and defendant was simply a wrong-doer. 21 Vt. 343; Cit. Cont. 843.

The opinion of the court was delivered by

PIERPOINT, Ch. J. Did the County Court err in refusing the defendant's request to charge, or in the charge as given? We think the defendant was not entitled to the charge requested. The effect of what the defendant said at the time the property was returned, in respect to his claim for damages, must depend upon what the parties understood by what was then said, in view of what had before transpired between them as to the return of the property.

The defendant's evidence tended to show that the plaintiff agreed that if the defendant would return the property to the place from which he took it, that should discharge all claim for taking and detaining the property. The plaintiff's evidence tended to show the contrary. When the defendant attempted to

54

return the property, and before it was fully returned, the plaintiff told him he should claim damages for the taking of the property, thereby repudiating the agreement. Conceding it to have been as the defendant claims, this, we think, it was competent for him to do. He had said he would accept of less than what he had the right to claim; but before the property was returned, he changed his mind, and concluded to claim damages, and notified the defendant of that fact, thereby leaving the defendant at liberty to return the property, or to keep it and take the chances of a lawsuit, with a prospect of having to pay for the property and the damages also. Now if the defendant, or his agent who was authorized to act for him in the matter, fully understood that the plaintiff declined to receive the property in full, but insisted upon his damages also, and with this knowledge chose to return the property and discharge his liability thus far, such return would not have the effect to discharge the plaintiff's claim for damages. Whether the defendant did so understand what the plaintiff said, was a question for the jury, and was submitted to them in a charge that was appropriate and entirely correct.

Judgment affirmed.